**UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT**

**No. 14-1816**

DALE A. KAYMARK, individually and on behalf of other similarly situated current and former homeowners in Pennsylvania,
Appellants

v.

BANK OF AMERICA, N.A. and UDREN LAW OFFICES, P.C.,
Appellees

---

Appeal from the Western District of Pennsylvania's Order Entered on March 31, 2014 at Civil Action Number 2:13-cv-00419-CB-CRE

---

# SUPPLEMENTAL BRIEF OF APPELLANTS

---

MICHAEL P. MALAKOFF, P.C.
Michael P. Malakoff, Esquire
Pennsylvania Attorney I.D. #11048
Jonathan R. Burns, Esquire
Pennsylvania Attorney I.D. #315206
Suite 200, the Frick Building
Pittsburgh, PA 15219
Telephone: (412) 281-4217
Facsimile: (412) 281-3262
malakoff@mpmalakoff.com
jburns@mpmalakoff.com

*Attorneys for Appellants, Dale A. Kaymark, individually and on behalf of other similarly situated former and current homeowners in Pennsylvania*

During the December 10, 2014 Oral Argument, this Court provided the Parties an opportunity to further address any potential differences between FDCPA debt demands made through letters versus through complaints through the lens of Heintz v. Jenkins, 514 U.S. 291 (1995); Piper v. Portnoff Law Assocs., Ltd., 396 F.3d 227 (3d Cir. 2005); Simon v. FIA Card Services, N.A., 732 F.3d 259 (3d Cir. 2013); Allen v. LaSalle Bank, N.A., 629 F.3d 364 (3d Cir. 2011); and, McLaughlin v. Phelan Hallinan & Schmieg, LLP, 756 F.3d 240 (3d Cir. 2014). In Heintz, the court held that "The [FDCPA] applies to attorneys who 'regularly' engage in consumer-debt-collection activity, even when that activity consists of litigation." Id., 299.

In Simon v. FIA Card Servs., N.A., 732 F.3d 259, 265 (3d Cir. 2013), this court stated that, a "Communication" means "the conveying of information regarding a debt directly or indirectly to any person through any medium." Id., § 1692a(2). Simon specifically pointed out that where congress intended to exclude formal pleadings, such as foreclosure complaints, from the gamut of the FDCPA, it did so. Id., 265 fn. 3 ("Congress amended §1692e(11) to exempt any 'formal pleading'… Congress did not otherwise limit the FDCPA's applicability to lawyers using litigation to collect debts.").

The fundamental principal that the FDCPA applies to foreclosure litigation has since been applied by courts regularly. See Piper, supra; Allen, supra. Many courts have expressly held the FDCPA applies to statements made in complaints, including mortgage foreclosure complaints; See Glazer v. Chase Home Finance, LLC, 704 F.3d 453 (6th Cir. 2013) (relying in part on Piper and stating that "there can be no serious doubt that the ultimate purpose of foreclosure is the payment of money."); Wilson v. Draper & Goldberg, P.L.L.C., 443 F.3d 373, 378 (4th Cir. 2006) (Seeing "no reason to make an exception to the Act when the debt collector

uses foreclosure instead of other methods,"); Gearing v. Check Brokerage Corp., 233 F.3d 469, 472–73 (7th Cir. 2000).[1]

Another question raised during Argument centered on whether Congress intended to provide FDCPA debtors' protections where the Court, attorneys or other safeguards are available to the consumer other than the FDCPA. Respectfully, this Court in Simon held that other types of litigation do not negate the need for FDCPA litigation and relief. Simon, 732 F.3d at 271-277. The FDCPA protections exist even where the financially distressed debtor is able to retain legal counsel. See Allen, 629 F.3d at 366. Allen was remanded for the district court to determine if "the amount collected was expressly authorized by the agreement creating the debt or permitted by law." Id., at 368. Here too, it is "not simply the amount of the fee that is important," but that the fee "was assessed *before* [the debt collector] attempted to collect the balance due." Bradley v. Franklin Collection Service, Inc., 739 F.3d 610 (11th Cir. 2014). Moreover, just as an attorney cannot protect the consumer from the FDCPA violation, neither can the Court. During the foreclosure process, the Homeowner still has the right to cure their default. To bring the account current and avoid foreclosure, the consumer must pay the amount represented as due.

[1] The line of out of circuit cases relied on by MWC has no application here as the cases do not address whether McLaughlin is applicable to foreclosure complaints. See MWC's Brief, pp. 1-2. Rather, they directly conflict with the holding in McLaughlin itself and are founded on a false choice. The law of McLaughlin does not drag the courts into micromanaging fees. It simply requires debt collectors to be honest about the legal status of the debts they are authorized by contract and permitted by law to collect. In the foreclosure context, allowing debt collectors to demand fees that have yet to ripen as due and currently owing interferes with a homeowner's statutory and contractual right to cure the default. Thus, in the context relevant here, an honest accounting of the legal status of the debt, demanded by the FDCPA, is even more crucial than under the facts of McLaughlin.

Unfortunately, here, Mr. Kaymark was denied his contractual right to pay his true debt and cure his default. See Mortgage, ¶22. Also see Marra v. Stocker, 615 A.2d 326, 329 (Pa. 1992).[2]

Mortgages, like Mr. Kaymark's, only allow for fees to be charged to a homeowner if they are for services performed. See Mortgage, ¶14. Therefore, the fees charged must "reasonably relate to the amount of work actually performed." See Fannie Mae, New Foreclosure and Bankruptcy Attorney Network and Attorneys' Fees and Costs, Announcement 08-19 (Aug. 6, 2008), p. 5. Foreclosure litigation is almost always handled through sophisticated "computerized processes in a high-volume practice." See In re Taylor, 655 F.3d 274, 277 (3d Cir. 2011). A foreclosure complaint can be completed in a matter of minutes by an attorney. See Bock v. Pressler and Pressler, LLP, No. 11-7593, 2014 WL 2937929, *1 (D.N.J. Jan. 30, 2014). Thus, an attorney can complete between three hundred and one thousand foreclosure complaints in a single day. Id., *4. See also Boyd v. Wexler, 275 F.3d 642, 644-645 (7th Cir. 2001). As a result, attorneys frequently spend little to no time reviewing foreclosure complaints when they are filed, but nonetheless charge those fees at the outset. Such was the case here.

[SIGNATURE LINES ON NEXT PAGE]

---

[2] In fact, demanding liquidated fees in the ad damnum clause of a Pennsylvania complaint is strictly prohibited. Therefore, MWC's specific amount requested in the prayer for relief is also a violation of the Pennsylvania Rules of Civil Procedure and also violates the FDCPA. See Judon v. Travelers Property Cas. Co. of America, No. 14-3406, 14-4099, 2014 WL 6997485, *4 fn. 3 (3d Cir. Dec. 12, 2014).

Respectfully Submitted,

*/s/ Michael P. Malakoff*

MICHAEL P. MALAKOFF, P.C.
Michael P. Malakoff, Esquire
Pennsylvania Attorney I.D. #11048
Jonathan R. Burns, Esquire
Pennsylvania Attorney I.D. #315206
437 Grant Street
Suite 200, the Frick Building
Pittsburgh, PA 15219
Telephone: 412-281-4217
Facsimile: 412-281-3262
malakoff@mpmalakoff.com
jburns@mpmalakoff.com

*Attorneys for Appellants, Dale A. Kaymark, individually and on behalf of other similarly situated former and current homeowners in Pennsylvania*

**CERTIFICATE OF SERVICE**

I hereby certify that on this **22nd** day of **December, 2014**, true and correct copies of the foregoing **Supplemental Brief** was timely served upon the following Parties of interest via the Third Circuit's ECF system.

Andrew J. Soven, Esquire
REED SMITH, LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

Thomas L. Allen, Esquire
Nellie Hestin, Esquire
REED SMITH, LLP
225 Fifth Avenue
Pittsburgh, PA 15222

Jonathan J. Bart, Esquire
WILENTZ GOLDMAN & SPITZER, P.A.
Two Penn Center Plaza, Suite 910
Philadelphia, PA 19102

MICHAEL P. MALAKOFF, P.C.

*/s/ Michael P. Malakoff*
Michael P. Malakoff, Esquire